Good morning, counsel. May it please the court. Samuel Silk asked this court to vacate his conviction for domestic assault by a habitual offender. The statute in question, 117, requires two predicate convictions. Applying categorical review to 117, Silk has at most one valid prior conviction and not the two that are required under the statute. As a result, Samuel Silk is actually innocent and his conviction should be vacated. I believe this is a matter of first impression for the court applying categorical review to predicates under 117. The district court was presented with this issue and ruled conclusively without any sort of argument or reason that the categorical approach did not apply. But looking at 117, it's clear that Congress intended the categorical approach to apply to predicate convictions. Under that statute, predicate convictions must be any assault, sexual abuse, or serious violent felony. Paragraph 2 allows predicate conviction to be obtained for a violation of Chapter 110A. Chapter 110A, of course, is a collection of federal criminal statutes. Serious violent felony has a definition under federal law under 3559, and that definition is a list of federal offenses and federal crimes. Sexual abuse is a federal crime under 2242. And assault, which is that issue here, is not defined under statute, but this court has given a definition of federal assault. The reason, therefore, that this is a categorical approach is required is because Congress is defining predicates in terms of crimes or offenses and not circumstances and conduct. Now, I would also note, too, that Congress enacted the statute. This was enacted into law in 2006. Taylor, which is the genesis of the categorical approach, was decided by the Supreme Court in 1990. Clearly, Congress was aware of the categorical approach and the effect that its language would have when drafting and enacting 117. This analysis also requires the court to look at two elements of 117. A bifurcation between the elements clause, the any assault, and a relationship clause, which is against a spouse. As this court in DRAPO, I believe Judge Woolman wrote the opinion in that case, Section 117 has several elements, and among those is the any assault and then against a spouse. Those are separate, distinct elements that the government must prove to obtain a conviction. And second, because this is a matter of first impression, I would direct the court to a similar statutory construction under 922G9 for misdemeanor crimes involving domestic violence. And the definition of that section is found under 921A, the definition section. The Supreme Court in Hayes bifurcated the elements, excuse me, the offense element with the relationship element in that case, finding that a relationship need not be an element of the predicate offense, that that is a separate inquiry. The Supreme Court found that to be, these two things, conceptually distinct attributes. Therefore, in applying analysis under 117, the categorical approach applies under the offense element, and as far as the relationship is concerned, although not at issue, would be a circumstantial approach. The government in its brief and its argument in opposition to a categorical approach has argued that under this analysis, the government would not be able to prosecute anybody for 117, and that's just incorrect. In fact, this in some ways, in many ways, streamlines the prosecution for 117 by having this bifurcation of elements and determining whether or not a predicate is valid. For example, if we get to the point of trial, the government would simply offer Shepard documents, documents of conviction, to prove the offense element. Then after that, as far as proving a relationship on a predicate offense, the government would simply call a fact witness, probably the alleged victim in that case, to describe the relationship to the jury. That would satisfy both of these elements. It's certainly able for the trial court to determine these cases, and if at issue in the future, if the court were to rule that predicate approach should apply, is a simple analysis that's performed via motion in limine, order in limine prior to trial. So if we do apply the categorical approach, why does his prior not? Assuming we go at it the way you would like us to, why does his not qualify? We have one predicate at issue, and that is a 2013 simple assault from the Bismarck Municipal Court. It's a municipal code section for simple assault. This court, as I mentioned earlier, has defined assault to be a specific intent offense, specifically assault of two types, attempted battery or an intent to cause fear of battery. Those are specific intents. Under the Bismarck Municipal Code, we have two sections. One can commit simple assault willfully or negligently. The argument, as briefed, deals exclusively with the negligently, meaning if there's a categorical or modified categorical approach, that application would reveal that the Shepard documents do not give any indication of which subsection of the statute Silk was convicted, and therefore the court can conclude that Silk was convicted of a negligent act. Doesn't the document say willfully? Yes. Your Honor, that is the charging document. The judgment is silent as to any languages willfully or any subsection. And I would add that post-briefing. Isn't that common where the judgment is silent, but the charging document can be used to decide which subsection was applied under the modified categorical approach? Right. The charging document is a Shepard document that the court could take a look at to determine. Why wouldn't that make this one count, then, if it's willful? Well, because the judgment is silent, that it's the argument raised below. But post-briefing, this court decided Schneider, which did an analysis on North Dakota's willfulness definition, which is statutorily defined to include recklessness. And so when we go back and say willfully and negligently, it's actually recklessly and negligently. Both of those, and either, if it is willfully, under North Dakota definition, North Dakota law falls outside the scope of generic assault. And therefore, that predicate conviction is no longer valid. And therefore, Silk only has one valid predicate conviction, not the two required under 117. And that would make him actually. Because why? You say recklessness is insufficient? Recklessness would be insufficient as this court has defined generic assault to be an intentional, specific intent offense. What case says that reckless assault is insufficient? It's the Harlan decision. What? The Harlan decision. And none of this is briefed? It does not say, Your Honor, that recklessness doesn't count. It doesn't specifically go that far. But it defines assault to be two types, an attempted battery and the intent to cause fear of battery. Those are both specific intents that require more than recklessness or mere negligence. All right. And this whole issue is not briefed? Your only argument in the brief is that we can't rely on the charging document because the judgment is silent? The argument is the judgment is silent on negligence issue. That was pre-Schneider. What about procedural default? The government's brief says procedural default. They cite the Anderson case. They say the Anderson case is right on point. Your reply brief doesn't even mention the Anderson case. So I guess we should infer you have no answer. I do have an answer, Your Honor. Why didn't you put it in your reply brief then? I mean, that's a key Eighth Circuit case that the government says is right on point. I don't believe it is right on point. I think the Boozley decision by the Supreme Court that was decided four years, at least four years, after the Anderson case changed the nature and the landscape of actual innocence jurisprudence. Since that case, since Boozley and since Anderson, of course, this court has changed what is required for actual innocence. And the argument under actual innocence here is that because there are no, the government cannot prove two valid convictions, not based on the indictment, a faulty indictment, which I think everyone agrees is a faulty indictment, but there's nowhere, starting from scratch, if the government were to charge Silkenew, could they prove two valid convictions. This 2013 conviction only came up on this post-conviction matter. That that is actual innocence and that is consistent with the Boozley decision that reinterpreted Bailey, a 924C case dealing with whether or not the government could prove use of a firearm. As defined under the Bailey decision, that was a matter of actual innocence in that case. And I point the court to Jennings v. United States, where I include that this actual innocence question can be based on intervening decisions, based on substantive changes in criminal law, which is what issue one, the matter of the predicate qualifying under the categorical approach. Because he is actually innocent because the test is specifically that a reasonable jury could not find, excuse me, no reasonable juror would convict based on all of the evidence. And because all of the evidence contains at most one prior valid conviction, Mr. Silk is actually innocent and he has not procedurally defaulted. And I see that I am out of time. Very well. Thank you for your argument. Mr. DeLorme, we'll hear from you. May it please the court, counsel. My name is Gary DeLorme. I am an AUSA out in Bismarck, North Dakota. And I was the prosecuting attorney for this particular matter, so I've seen it throughout from charging to a change of plea to sentencing, the first 2255, the appeal of that, and the subsequent 2255, the remand and appeal. I believe the defendant, or Mr. Silk, is wrong here in indicating to the court that this is more analogous to 922G where the categorical approach should apply. And I base that based on the language Congress specifically decided to use in this particular violation of federal law. That language, just focusing in on that, is two prior convictions if subject to federal jurisdiction amounts to any, and any is a very key word in this particular line of language, assault, sexual abuse, or serious violent felony. By including that word, any, Congress is dictating or indicating that this is going to be a fact-specific approach. We're going to take a look at the facts of the underlying convictions to see if they are subject to federal jurisdiction, what assault, sexual abuse, or serious violent felony would have or could have been committed in a federal case. So going from that perspective, the categorical approach was denied by the district court, and rightfully so. Not only because of the language Congress imposed here in this particular matter, but also because where does it go to if the categorical approach is applied in this particular matter? What does the court do? Is the court in these 117A matters supposed to make a determination using the categorical approach for two prior convictions and then somehow lay that to the jury so that they can now then make some sort of inference that based upon the court already finding that two prior convictions occurred, that they now have to assess whether that falls under any assault, sexual abuse, or serious violent felony in federal law? What do we do with the word in subsection A, who has a final conviction, which has a, and then it falls under the subsection 1, subsection 2. That suggests it's actually, it's finite, it's done, and it's an actual conviction and often doesn't suggest that we're looking at the underlying conduct. Your Honor, yes and no in that it is a final, finite conviction and it has to be prior to the actual conduct that is being charged in the matter that's being charged. But again, when you took the words, if subject of our jurisdiction amounts to any, again, we're talking about elements that have to go to a jury. How does that go to a jury with the categorical approach being applied? It's simply implausible to ask a district court to make a certain amount of determination, stop short, and then say, jury, now you have to make some sort of determination. I'm not going to give you any facts. I'm going to give you this, but now you have to make some sort of determination. What about the difference between subsection 1 and subsection 2 then? You've got any assault, but then you've got some really specified offenses under particular chapters of federal law. That's correct, Your Honor. I typically look at that, I look at that in the language that Congress included as giving you a guide to what kind of crimes could have been committed. Let's just say some of the prior convictions we're looking at are federal prior convictions. Now we have a solid base of, well, Congress has identified that 2241, A, B, or C might qualify. Congress has identified a conviction under 113 might qualify. It's more of a guide to me in that you could specifically allege then that they are, because they were subject to federal jurisdiction, a prior conviction that qualifies in this particular matter. In this particular case, part of the issue for us is that when you're talking about the finality of the convictions, in this particular matter we had the state's charge. We included two of the prior convictions that Mr. Silk had in the indictment. Again, that's not required to include that language in an indictment. It's surplusage. It's essentially kind of to assist in allowing the defense to have some notice without giving them the opportunity to ask for a bill of particulars. It's not a requirement to include the prior convictions in the indictment. In this case here, going back to our previous appeal, and I'm mentioning this because in the appellant's brief page to the reply, the appellant indicates that the United States, for the first time, brings to the forefront this idea that there's an additional or was an additional second subsequent prior conviction in this particular matter. That was all discussed prior to the change of plea, discussed prior to the court going over the factual basis.  In this particular case, the parties acknowledged that one of the convictions listed in the indictment language was not going to qualify or may not qualify. The parties discussed and we indicated to the court on the record at that time that we understood that that might not qualify, but we all agreed that there was this conduct for this other conviction that would qualify nevertheless. This one, the one we're now talking about? Correct. What is your response to this argument that I think it's Schneider, the recklessness versus willfulness? Do you have a response to that? As to the categorical approach and saying it doesn't apply? Yeah, or assuming it does apply and we go to the conviction itself, and the initial argument was that you couldn't tell whether it was willful or negligent. And now there's an argument that, well, even if it's willful under North Dakota law, that actually includes recklessness. So just as a categorical matter across the board, it wouldn't count. Do you have a response to that? I believe Mr. Belmore is correct in that the definitions under North Dakota law, they're expansive. They include pretty much a knowing, willfully, negligently, all in one definition. And that includes then a sub-definition that says willfully includes recklessness. So he would be correct in that matter. My response to that would be you take an entire class of prior convictions. A lot of states have similar types of definitions out of contention here for these prior convictions, and that could not be Congress's intent. The language was intended to be all-inclusive here when they indicated that if subject to federal jurisdiction would amount to any assault, sexual abuse, or serious violent felony. So you'd take an entire state's worth, but likely within the 8th Circuit. And I know from the Johnson line of cases, there's a lot of districts that have states that have similar types of definitions out there that include this willfully, negligently, recklessly as part of an overall definition. So if they use the willful definition in a charging document, which is oftentimes for a prosecutor the most, I guess, all-inclusive and easiest way to charge a particular matter, then we'd be taking all of those off the table in this particular matter, which, again, is inconsistent with what Congress is intending with 117 when they use such inclusive language. Turning real quick to the procedural bar. I believe, Judge Colton, you're correct with Anderson. Here, Mr. Silkwood needed to show some sort of cause and prejudice, and he couldn't get past the cause portion because, again, the court had to go back and look at the record. The defendant knew that we were looking at this other conviction as a prior conviction. He agreed that it would qualify as a prior conviction in this particular matter. So he couldn't show cause as to why he didn't identify why this issue wasn't raised below because we all agreed and we indicated to the court. The court went over that before going over the factual basis in this particular matter. So he couldn't get to prejudice as well because, again, he knew that was there, and if you have that second conviction, there is no prejudice to the defendant, which, again, results in his failure to be able to show actual innocence if that second conviction does actually apply, which the district court found that it did. I see my time is getting close. I would ask the court to deny the appellant's request for relief in this particular matter, affirm the order of the court finding that there is a second prior offense involved in this particular matter, and find that the court correctly analyzed that Mr. Silk was procedurally barred from bringing this matter before the court. Are you saying that this Bismarck ordinance is divisible? Your Honor? Between the willful and negligent mens rea requirements? Probably between willful and negligent, but when you talk about the reckless, which is what Mr. Belmar is bringing in, I think the definition for it goes on further and defines willfulness as including recklessness. So that would not be, I believe, divisible. What would not be divisible? Willfulness because of the inclusion of recklessness under the definition. My question is whether the ordinance is divisible between subsections 1 and 2, willful and negligent. Yes, Your Honor. You think it is? I believe so. And then you say you think willful includes recklessness. That's correct, Your Honor. But is that a reason that the offense wouldn't count? What authority says reckless... If you apply the categorical approach... What authority says recklessly causing bodily injury cannot count? I can't answer that question for you, Your Honor, at this point in time. I thought you were saying that there was a problem because willfulness includes recklessness. Well, I believe some of the prior cases in the Johnson progeny that recklessness might not count as far as a prior conviction when you're talking about violent felonies, but it might not have that same effect in this particular matter. Well, yeah, this doesn't arise under the violent felony. Right, Your Honor. So it may not be an issue at all. Again, my argument is that the categorical approach should not be applied in this particular matter at all because of the onerousness that would have on a district court. Well, I understand that's your first line of argument, but I'm wondering if the categorical approach applies, would it count anyway? I believe it could, Your Honor. It could apply anyway. I mean, the court did not make that analysis, obviously, because it rejected the categorical approach. Yeah. But in this particular case, it could apply. It could allow that second prior to apply. I see my time is up. All right, very well. Thank you for your argument. The case is submitted, and the court will file an opinion in due course.